UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KRISTI NICHELLE BANNER,**

    **Plaintiff,**

  v.                                **Civil Action 2:24-cv-2479**
                                      **Judge Sarah D. Morrison**
**POSTMASTER GENERAL**              **Magistrate Judge Chelsey M. Vascura**
**LOUIS DEJOY,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Kristi Nichelle Banner, brings this action against Postmaster General Louis DeJoy and United States Postal Service employee Larry Allen, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging that Mr. Allen discriminated against her on the basis of sex and race after Plaintiff turned down Mr. Allen's advances. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, Plaintiff **MAY PROCEED** on her official-capacity claims for sex and race discrimination against Postmaster

General Louis DeJoy, but it is **RECOMMENDED** that Plaintiff's claims against Mr. Allen and her individual-capacity claims against Mr. DeJoy be dismissed under § 1915(e)(2) for failure to state a claim upon which relief may be granted.

I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that she and Mr. Allen were both employed by the United States Postal Service ("USPS") and that Plaintiff "had issues with management" after she "turned Larry Allen advancements down." (Compl. 3, ECF No. 1-1.) Specifically, Plaintiff alleges that she was

3

subject to emergency placement in off-duty status as discipline for comments she made that were no different than comments she made prior to turning down Mr. Allen's advancements, that a white, female employee was not subject to emergency placement for infractions that were more serious than those committed by Plaintiff, that Mr. Allen arranged to place Plaintiff on a 14-day suspension without following the proper procedure, and that Mr. Allen repeatedly referred to Plaintiff as "Chocolate Latte." (*Id.*)

The undersigned does not recommend dismissal of Plaintiff's claims for sex and race discrimination against Mr. DeJoy in his official capacity as Postmaster General of the United States Postal Service. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753–54 (1998) ("When a plaintiff proves that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands, he or she establishes that the employment decision itself constitutes a change in the terms and conditions of employment that is actionable under Title VII.") However, neither Mr. Allen nor Mr. DeJoy in his individual capacity are subject to individual liability under Title VII. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); 42 U.S.C. § 2000e-16(c) (in a civil action by a federal government employee for employment discrimination on the basis of sex or race, "the head of the department, agency, or unit, as appropriate, shall be the defendant"). Accordingly, the undersigned recommends that the Court dismiss Plaintiff's claims against Mr. Allen and Plaintiff's individual-capacity claims against Mr. DeJoy for failure to state a claim upon which relief may be granted.

Finally, Plaintiff has also filed a motion for "the Court to pay the filing fees and fees to provide me an attorney." (ECF No. 2.) To the extent that Plaintiff seeks to be excused from

paying filing fees, the undersigned has already granted her motion for leave to proceed *in forma pauperis* above; that portion of her second motion is therefore **DENIED AS MOOT**. As to her request for fees to pay for an attorney, her second motion is **DENIED**. Although Plaintiff is proceeding *in forma pauperis*, appointment of counsel is discretionary under 28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is unwarranted at this juncture.

### III. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. For the reasons set forth above, Plaintiff **MAY PROCEED** on her official-capacity claims for sex and race discrimination against Postmaster General Louis DeJoy, but it is **RECOMMENDED** that Plaintiff's claims against Larry Allen and her individual-capacity claims against Mr. DeJoy be dismissed under § 1915(e)(2) for failure to state a claim upon which relief may be granted. Finally, Plaintiff's Motion for Court to Cover Filing Cost and Lawyer Fees (ECF No. 2) is **DENIED AS MOOT in part and DENIED in part**.

In light of Plaintiff's *in forma pauperis* status, the Clerk is **DIRECTED** to issue the requested summons directed to Defendant Louis DeJoy only, and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Louis DeJoy only the issued summons, a copy of the Complaint (ECF No. 1-1), and a copy of this Order and Report and Recommendation.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE